

**EOD**

**05/04/2017**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No.: 09-43943 |
| BOYD VEIGEL, P.C., | § | Chapter 7 |
| | § | |
| Debtor | § | |
| _____ | § | |
| | § | |
| DEBRA SCHWARZ, | § | Adversary No.: 16-04116 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| RYAN NORDHAUS, | § | |
| | § | |
| Defendant | § | |

## MEMORANDUM OPINION AND ORDER

On March 21, 2017, the Court entered an order requiring the parties to show cause why this Court should not abstain from this proceeding under 28 U.S.C. § 1334(c)(1). The Court conducted a hearing on the order to show cause on April 11, 2017. This opinion constitutes the Court's findings of fact and conclusions of law, *see* FED. R. BANKR. PROC. 7052, and disposes of all issues before the Court.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 14, 2009, Boyd Veigel, P.C. filed a chapter 7 petition for bankruptcy relief in this Court. This adversary proceeding commenced when Ryan Nordhaus, the defendant in a state court action brought by Debra Schwarz, filed a notice of removal from the 296th District Court, Collin County, Texas on December 7, 2016. The state court petition

1

appears to allege causes of action against Mr. Nordhaus for legal malpractice and fraudulent billing practices, among other things, arising out of a legal services agreement dated October 23, 2007, between Ms. Schwarz and Boyd Veigel, P.C.

In this adversary proceeding, Ms. Schwarz's complaint and other documents filed by Ms. Schwarz reflect that her husband died on May 3, 2005. She and her deceased husband's sons presented competing wills to the probate court. Ryan Nordhaus was a junior associate at Boyd Veigel, P.C. when Ms. Schwarz engaged the firm to help her set aside an order granting summary judgment in favor of the sons in the probate litigation. Mr. Nordhaus left the firm in February 2009. The firm continued to represent Ms. Schwarz until Mr. Boyd's untimely death in August 2009. After the firm filed for bankruptcy in December 2009, Ms. Schwarz filed an unsecured claim in the amount of $11,672 for the retainer she paid under the legal services agreement.[1]

Ms. Schwarz obtained new counsel to represent her in the probate litigation but, ultimately, was unsuccessful. On January 6, 2015, the probate court entered an order sanctioning Ms. Schwarz for making false statements to the court and filing frivolous pleadings, among other things, and closing the probate estate.[2] In her state court complaint against Mr. Nordhaus filed in November 2016, Ms. Schwarz contends that she lost the litigation because Mr. Nordhaus failed to file timely "paperwork" or to advise Ms. Schwarz of the deadlines for filing the "paperwork" herself. Ms. Schwarz seeks a judgment of $450,000

---

[1] Sixty-three claims in the total amount of $8,927,208.43 were filed in the underlying bankruptcy case.

[2] Ms. Schwarz attached the order to a document she filed in this adversary proceeding, entitled "Answer to Original General Denial, Affirmative Defense, General Denial." She also attached what appear to be documents from the legal files of Boyd Veigel, P.C.

2

against Mr. Nordhaus.

In this adversary proceeding, the Court conducted a status hearing on February 14, 2017. At the hearing, Ms. Schwarz, who appeared pro se, orally requested a jury trial to hear her claims. Ms. Schwartz subsequently filed a written demand for a jury trial.

## DISCUSSION

A bankruptcy court may abstain from hearing a particular proceeding arising in or related to a bankruptcy case in the "interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). In addition, 28 U.S.C.A. § 1452 entitled "Removal of claims related to bankruptcy cases" provides that, with certain exceptions not applicable here, when a party removes any claim or cause of action pursuant to §1452(a),

> the court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. §1452(b). *See Browning v. Navarro,* 743 F.2d 1069 (5th Cir. 1984).

Courts have broad discretion when considering abstention or remand under these provisions, but usually consider a number of specific factors in reaching their decisions. *See, e.g., In re Encompass Services Corp.,* 337 B.R. 864, 878 (Bankr. S.D. Tex. 2006). These include:

> (1) the effect or lack thereof on the efficient administration of the estate if the court recommends [remand or] abstention;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficult or unsettled nature of applicable law;
> (4) the presence of related proceeding commenced in state court or other nonbankruptcy proceeding;

3

(5) the jurisdictional basis, if any, other than § 1334;

(6) the degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of nondebtor parties;

(13) comity; and

(14) the possibility of prejudice to other parties in the action.

*Id.* (quoting *Broyles v. U.S. Gypsum Co.,* 266 B.R. 778, 785 (E.D. Tex. 2001)).

This Court has reviewed and considered the record in this proceeding and finds that the party who originally sought removal of the matter from the Texas state court to this Court was not the debtor. The debtor is not a party to the litigation.[3] Ms. Schwarz's claims against Mr. Nordhaus are based entirely on state law. There is no basis for jurisdiction in this Court other than 28 U.S.C. § 1334. Ms. Schwarz has demanded a jury trial, which this Court is not equipped to conduct. Further, whatever the result of the Texas state court case is, this Court believes such result will have no impact upon the bankruptcy estate. In the event that Boyd

---

[3] On the eve of the hearing on the order to show cause, Mr. Nordhaus filed a motion for leave to designate the debtor as a responsible third party. The Texas Civil Practice and Remedies Code § 33.004 provides that "[a] defendant may seek to designate a person as a responsible third party ..." TEX. CIV. PRAC. & REM. CODE § 33.004(a). This designation, however, "(1) does not by itself impose liability on the person; and (2) may not be used in any other proceeding, on the basis of res judicata, collateral estoppel, or any other legal theory, to impose liability on the person." TEX. CIV. PRAC. & REM. CODE § 33.004(i). Applying § 33.004 to this proceeding, the debtor could theoretically be held a responsible party, but not be liable for damages, and, if so, the bankruptcy estate would not be impacted.

Veigel, P.C. is added as a party, and a judgment is entered against the firm, the parties can bring that claim back to this Court for enforcement.

For all of these reasons, equity and judicial economy require this Court to remand this matter to the Texas state court. All parties before this Court can be brought to the Texas state court; all controversies before this Court can be resolved in the Texas state court. The Texas state court is eminently capable of dealing with the issues raised in Ms. Schwarz's complaint.

**IT IS THEREFORE ORDERED** that the Court **ABSTAINS** and this adversary proceeding is hereby **REMANDED** to the 296th District Court for Collin County, Texas.

Signed on 5/4/2017

*Brenda T. Rhoades*     SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE